UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| KAREN JONES, | ) | Civil Action No. |
| Plaintiff | ) | 3:21cv730 |
| V. | ) | |
| VIRGINIA COMMONWEALTH | ) | |
| UNIVERSITY HEALTH SYSTEM and | ) | **JURY TRIAL DEMANDED** |
| IRENE ZOLOTOROFE and | ) | |
| BONITA HOGUE | ) | |
| Defendant | ) | |

## COMPLAINT

Comes now Plaintiff, Karen Jones, pro se complaint against defendants Virginia Commonwealth University Health System, Irene Zolotorofe, and Bonita Hogue.

1. This action is brought by Karen Jones to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C (S) 2000e, et seq. ("Title VII"),Title VII, 42 U.S.C (S) 2000e-2(a) and Title VII, 42 U.S.C. (S) 2000e-3(a).

### JURISDICTION AND VENUE

2. This court has jurisdiction of the action under 42 U.S.C (S) 2000e-5(b). Venue is proper in this judicial district under 42 U.S.C. (S)2000e-5(b) and 28 U.S.C. (S) 1391(b) because it is where a substantial part of the events or omissions giving rise to the cause of action herein occurred.

3. Defendant, Virginia Commonwealth University Health System is a public body incorporated under the laws of the Commonwealth of Virginia.

4. Virginia Commonwealth University Health System is a "person" within the meaning of 42 U.S.C. (S) 2000e(a) and an "employer" within the meaning of 42 U.S.C. (S) 2000e(b).

5. The Equal Employment Opportunity Commission ("EEOC") received a timely charge (EEOC Charge No. 438-2020-00667) filed by Karen Jones on or about February 7, 2020 and signed on or about July 21, 2020. In her charge, Karen Jones alleged, *inter alia*, that she had been discriminated against, retaliated, and wrongfully terminated based on race (African American) by Virginia Commonwealth University Health System, Irene Zolotorofe, Director and Bonita Hogue, Social Work Manager and Karen Jones direct supervisor.

6. The EEOC attempted unsuccessfully to achieve through mediation a voluntary resolution of the charge, but Virginia Commonwealth University Health System refused to participate. EEOC closed its case and sent Karen Jones a Notice of Right to Sue dated August 24, 2021.

7. All conditions precedent to the filing of suit have been performed or have occurred.

## FACTUAL ALLEGATIONS

8. Karen Jones was hired by Virginia Commonwealth University Health System as a full-time Clinical Social Worker I on or about November 15, 2009. Karen Jones was promoted to Clinical Social Worker II one year later in 2010. Karen Jones was terminated from employment on February 5, 2020, after being employed there over a decade. After Karen Jones reported discrimination to her employer Virginia Commonwealth University Health System, her supervisor Bonita Hogue, and Irene Zolotorofe.. Bonita Hogue instructed Karen Jones to attend a meeting scheduled on January 31,2020 to discuss her complaint of discrimination. irginia Commonwealth University Health SystemVirginia Commonwealth University Health System failed to conduct an investigation into the complaint of discrimination and instead of discussing the complaint, Karen Jones was terminated.

9. While employed since November 2009 as a full-time Clinical Social Worker II, Karen Jones was directly supervised by Bonita Hogue, Social Work Manager. Approximately September 2019 Bonita Hogue's new supervisor is Irene Zolotorofe, Director of the Department of Coordinated Care and Post Acute Services. Prior to Irene Zolotorofe, this Director position was held by Ryan Raisig who was promoted to Associate Vice President of the Department of Coordinated Care and Post Acute services.

10. From November 15, 2019, to February 5, 2020, Karen Jones was discriminated against by Virginia Commonwealth University Health System, Irene Zolotorofe (Director) and Bonita Hogue (Social Work Manager) because she is a Black/African American female. The discrimination was intentional and purposeful occurring varied times during the work week. Karen Jones was also retaliated against by Virginia Commonwealth University Health System, Irene Zolotorofe, and Bonita Hogue when she participated in a protective activity under Title VII. On February 3, 2020 Karen Jones was scheduled to attend a meeting to discuss workplace discrimination that she reported, instead Karen Jones was given a Due Process Memorandum from Irene Zolotorofe during this face to face meeting. This Due Process Memorandum document informed Karen Jones was recommended for immediate termination. There was no discussion about the workplace discrimination as Karen Jones was informed the purpose of the meeting would be. Karen Jones received a Due Process Memorandum from Irene Zolotorofe that falsely accused Karen Jones of failing to meet position expectations and creating blatant disregard for patients served. In fact on January 9, 2020 Karen Jones' supervisor Bonita Hogue complimented Karen Jones' work performance. Bonita Hogue would not compliment Karen Jones in the presence of Irene Zolotorofe, but instead would wait until Irene Zolotorofe left the room to compliment Karen Jones' work performance. Irene Zolotorofe submitted the Due Process Memorandum which contained false accusations and false accounts about work place incidents as blatant retaliation because Karen Jones reported workplace

discrimination to Virginia Commonwealth University Health System. The witness that Karen Jones provided to give account that the Due Process Memorandum was full of false accusations, Virginia Commonwealth University Health System failed to contact the witness. Irene Zolotorofe, Virginia Commonwealth University Health System, and Bonita Hogue intentionally documented false accusations against Karen Jones to result into wrongful termination as blatant retaliation because Karen Jones reported workplace discrimination. In fact Irene Zolotorofe would subject Karen Jones to insults, ridicule, and reprimand in the presence of other co-workers and Bonita Hogue. Bonita Hogue would wait until the scrutinizing was over and would stay back with Karen Jones and compliment Karen Jones' workplace performance. This was extremely toxic, targeting, and creating plenty of problems for Karen Jones. This workplace atmosphere eroded Karen Jones' trust and the discrimination was becoming more and more overbearing and overwhelming.

11. During the relevant time period Karen Jones and similar situated employees also were treated differently than coworkers from a different race. For example, Karen Jones was disciplined for giving a witness account of a White/Caucasian employee who had threatened to slap a Black/African American female coworker in the presence of Karen Jones. Shortly after Karen Jones reported this violation to Irene Zolotorofe, she began subjecting Karen Jones to reprimand and harassment. Despite the repeated complaints by Karen Jones, supervisors failed to sufficiently investigate the allegations and failed to take prompt and appropriate remedial action to prevent or correct further discrimination and harrassment.

12. During a staff meeting on November 15, 2019 which Karen Jones was present; noticed that her name was omitted from a powerpoint presentation that listed social workers and the teams they would be

assigned to. Presenting the power point presentation was Irene Zolotorofe, Director of Coordinated Care and Post-Acute Services.

13. Prior to November 15, 2019, Karen Jones had not met Irene Zolotorofe, newly hired in September 2019 as the Director of Coordinated Care and Post-Acute Services.

14. At the conclusion of the staff meeting on November 15, 2019, Karen Jones reported disparate treatment to Irene Zolotorofe and Bonita Hogue that the willful exclusion of her name from teams was humiliating and embarrassing in front of the entire group of staff meeting attendees. Bonita Hogue offered an apology and informed Karen Jones that it was because she was being moved from her current work assignment, Cardiac Surgery Intensive Care Unit located on the 10th floor at Critical Care Hospital where Karen Jones was assigned for at least three years. Karen Jones moved to the Department of Coordinated Care and Post-Acute Services located on the 12th floor of West Hospital where other managers in the department and support staff work. Karen Jones' new office was located a few doors down from the offices of Irene Zolotorofe and Bonita Hogue.

15. Bonita Hogue informed Karen Jones that she would be training for insurance authorizations, which was scheduled to begin after the holidays, which would be sometime in the beginning of the year. Bonita Hogue informed Karen Jones this reassignment of duties would begin immediately. Karen Jones immediately packed her office and moved to the 12th floor of West Hospital where the Department of Coordinated Care and Post-Acute Services is located. Bonita Hogue informed Karen Jones that her job title would not change, but the job duties would change.

16. While working for approximately one week as instructed in the newly assigned position, Bonita Hogue informed Karen Jones that she was being reassigned. Karen Jones was instructed to leave the 12th floor of West Hospital-Department of Coordination and Post-Acute Services and move to the 11th floor of

Main Hospital West Wing in the Neurology Unit. Karen Jones packed her office once again and moved into an office occupied by two White/Caucasian female Social Workers. Bonita Hogue informed Karen Jones that her job duties would change. Bonita Hogue informed Karen Jones that this change was only temporary until after the holidays. Karen Jones provided Social Work services to patients, which included patient assessments and patient discharge planning.

17. On December 13, 2019, Irene Zolotorofe instructed Karen Jones to attend a meeting. Karen Jones was not notified in advance for this meeting. Carrie Bain Tigler, RN Care Coordinator Manager and Jody Simpson, Clinical Social Worker II was present during this meeting. Karen Jones' direct supervisor, Bonita Hogue was not present. The things that Irene Zolotorofe informed Karen Jones during this meeting left her feeling humiliated and bullied. Irene Zolotorofe informed Karen Jones during this meeting that she would be watching her closely. Irene Zolotorofe also belittled Karen Jones patient documentation and she harrassed Karen Jones about her intermittent FMLA that was previously approved by her employer. This created high stress for Karen Jones as she was being targeted for mistreatment because of her race (African American). Coupled with the fact that Karen Jones repetitively informed she had done nothing wrong and was never given anything in writing or concrete and Karen Jones continued to ask for these reprimands to stop.  Irene Zolotorofe's blatant misconduct was unfair, gross, and discriminatory.

18. On January 3, 2020, Karen Jones contacted her direct supervisor, Bonita Hogue to inquire when her training for insurance authorizations would begin as she had previously informed Karen Jones. Bonita Hogue informed Karen Jones during this inquiry that the training for insurance authorization was no longer going to happen. However, Garnett Ashworth (White/Caucasian) did receive her insurance authorization training as informed by Bonita Hogue. This is an example of the discrimination Karen Jones suffered by her employer, Virginia Commonwealth University Health System. During that same

conversation, Karen Jones requested for time off since she had worked Thanksgiving Day, Christmas Eve, Christmas Day, New Year's Eve, and New Year's Day. Bonita Hogue informed Karen Jones that she could not grant the request because Irene Zolotorofe was "watching your time." Irene Zolotorofe did not watch the time of similarly situated White/Caucasian employees.

19. On January 9, 2020, Bonita Hogue instructed Karen Jones to meet with her and Irene Zolotorofe. During this meeting Karen Jones complained to Bonita Hogue and Irene Zolotorofe of workplace discrimination based on race (African American). Karen Jones complained that some of the Caucasian staff she worked with treated her with contempt and she felt like nobody cared about her. Irene Zolotorofe left this meeting and immediately after her leaving, Bonita Hogue complimented her work performance and informed Karen Jones that she did not have a problem with her job performance. **(This conversation was audio recorded)**

20. On the morning of January 28, 2020, Karen Jones received an email from Irene Zolotorofe instructing her to attend a meeting scheduled on January 31, 2020. The email communication also informed that Dena Washington, an Employee Relations Consultant, would be in attendance. On this date, Karen Jones used FMLA.

21. On the morning of January 28, 2020, Bonita Hogue approached Karen Jones and informed that Irene Zolotorofe was not going to fire her. Bonita Hogue informed there would be a scheduled meeting on Friday, January 31, 2020 with Irene Zolotorofe because Karen Jones complained about racial discrimination and being targeted because she is a black female. **(This conversation was audio recorded)**

22. On the morning of January 28, 2020, shortly after meeting with her direct supervisor, Bonita Hogue, Karen Jones was instructed to meet with Irene Zolotorofe and Bonita Hogue. During this meeting, Irene Zolotorofe instructed Karen Jones to leave the workplace and not return until contacted.

23. On January 30, 2020, Bonita Hogue informed Karen Jones that the Friday meeting scheduled for January 31, 2020, was cancelled. Bonita Hogue instructed Karen Jones to attend a scheduled meeting on Monday, February 3, 2020. Bonita Hogue instructed and reminded Karen Jones not to return to work.

24. During the scheduled meeting on Monday, February 3, 2020, Irene Zolotorofe gave Karen Jones a Due Process Memorandum and a Disciplinary Action Form (DAF) with the recommendation of termination. Dena Washington informed Karen Jones that she has 24 hours to submit a written response to the documents. This concluded the meeting as there was no discussion about Karen Jones' discrimination complaint, which is what Bonita Hogue invited and informed Karen Jones would be discussed.

25. Virginia Commonwealth University Health System wrongfully terminated Karen Jones' employment just days after she engaged in protected activity by reporting her experiences of racial discrimination to her employer, Irene Zolotorofe, and Bonita Hogue.

26. Prior to Karen Jones' wrongful termination, she had no verbal or written disciplinary history for the past seven years. Karen Jones only became aware of these alleged complaints from her termination letter. Karen Jones submitted a timely appeal to Virginia Commonwealth University Health System disproving and/or clarifying Irene Zolotorofe's (Department Director) and Bonita Hogue's (Social Work Manager) false accusations.

27. Some other specific examples of the discrimination against Karen Jones include the following: (a) In November 2013, Bonita Hogue informed Karen Jones to not act like the angry black woman and change her voice (b) On numerous occasions Karen Jones was instructed not to be herself, which is a Black/African American female. Karen Jones was informed to fly under the radar because her field is dominated by White/Caucasian females.

28. Despite annual performance reviews reflecting satisfactory performance, Irene Zolotorofe Bonita Hogue and Virginia Commonwealth University Health System reprimanded Karen Jones for no reason.

29. From the time Karen Jones was hired by Virginia Commonwealth University Health System she received her annual performance evaluations until Irene Zolotorofe was hired in September 2019, despite all other employees receiving their annual performance evaluations. To date, Karen Jones has not received her 2019 Performance Evaluation despite her working for the entire year.

30. In 2019, Karen Jones received an end of the year bonus, which one of the requirements to receive such bonus is the employee cannot have any disciplinary actions within the bonus year. Based on the receipt of her bonus, Karen Jones reasonably concluded that Virginia Commonwealth University Health System's performance rating of her work was at least satisfactory.

31. Karen Jones' complaint of discrimination was not investigated, including Karen Jones' written response to false allegations presented by Irene Zolotorofe. Karen Jones' documented email on February 4, 2020 submitted to Irene Zolotorofe per her instructions was ignored. Karen Jones' employer never contacted Karen Jones' witness during the improper due process, which violates Virginia Commonwealth University Health System's own policy.

32. On February 5, 2020, Irene Zolotorofe emailed Karen Jones a Discipline Action Form (DAF) that informed the termination decision would not change and that Karen Jones is not eligible for rehire.

33. Between November 15, 2019, and February 5, 2020, Karen Jones was discriminated, retaliated against, and wrongfully terminated based on her race (African American) by Virginia Commonwealth University Health System, Irene Zolotorofe, and Bonita Hogue when Karen Jones was wrongfully terminated on February 5, 2020.

34. Karen Jones was treated differently than similarly situated employees because she is a Black/African American female. Specific examples demonstrated by Irene Zolotorofe's comment of "watching" Karen Jones in the meeting on December 13, 2019. White/Caucasian co-workers were not subjected to this level of stalking by Irene Zolotorofe.

35. Irene Zolotorofe "watched" Karen Jones when she attended team meetings (unannounced) that Karen Jones attended, leaving Karen Jones humiliated, embarrassed in front of her co-workers, and filled with overwhelming high stress.

36. Irene Zolotorofe and Bonita Hogue repeatedly harassed Karen Jones about the varying times of her arrival to work by describing her as showing up to work "late" instead of acknowledging Karen Jones was approved for intermittent FMLA as approved by Bonita Hogue. This reprimand for false accusations of tardiness created stress and no other co-workers were harassed in this way.

37. Bonita Hogue informed Karen Jones that only individuals with a "need to know" would have knowledge of the confidential information related to FMLA. Irene Zolotorofe as a supervisor was privy to confidential information about Karen Jones' FMLA and reprimanding her because of intermittent FMLA was intentional harassment and repetitively "picking with" Karen Jones at the hands of the defendants.

38. Virginia Commonwealth University Health System approved Karen Jones FMLA but later disciplined Karen Jones when she used the approved FMLA.

39. Virginia Commonwealth University Health System gave a false account that Karen Jones FMLA clock expired during EEOC's investigation into the inquiry of why Karen Jones was terminated. Virginia Commonwealth University Health System policy states that FMLA resets annually using employees' hire date. This means Karen Jones' reset date was November 15, 2019. Between November

15, 2019 and Karen Jones' termination date of February 5, 2020, Karen Jones did not use 12 weeks of FMLA. In fact, Karen Jones used approximately five intermittent days of FMLA. This false account of poor attendance and tardiness was intentional as a way to retaliate against Karen Jones because of recent complaints of discrimination to Virginia Commonwealth University Health System, Irene Zolotorofe, and Bonita Hogue. When Karen Jones called to get the requested information referencing her FMLA clock in February 2020 from Unum, Karen Jones was informed that Virginia Commonwealth University Health System owns the FMLA information; therefore, refusing to give Karen Jones' requested information. Unum sent a letter informing that Karen Jones' FMLA was terminated on or about February 14, 2020 after Virginia Commonwealth University Health System informed Unum of Karen Jones' termination.

40. Despite Karen Jones' repeated requests to understand where these false allegations originated from, Virginia Commonwealth University Health System failed to provide evidence of these alleged complaints and refused to provide anything in writing. Everything reported to Karen Jones was hearsay and did not follow Virginia Commonwealth University Health System policy on discipline and due process.

41. It is common at Virginia Commonwealth University Health System that Black/African American employees are openly reprimanded and disciplined in front of other coworkers, but similarly situated White/Caucasion employees are not reprimanded and disciplined in front of other coworkers. For example, In November 2019, Karen Jones witnessed a workplace incident between two coworkers. Specifically, these coworkers Angela Menefield and Tonya Shumaker both work in the Department of Coordinated Care and Post-Acute Services. Tonya Shumaker threatened to slap Angela Menefield.

Angela Menefield reported the incident to her direct supervisor, Garnett Ashworth (White/Caucasian female) who informed that Karen Jones witnessed the incident. As a witness, Karen Jones reported what she saw and heard to Irene Zolotorofe. Despite two witnesses, Karen Jones and Angela Menefield who are both African American, reporting that Tonya Shumaker made a violent threat, Virginia Commonwealth University Health System as usual chose to believe the White/Caucasian employee over the two Black/African Americans.

## TITLE VII VIOLATIONS

### Count I

### Title VII, 42 U.S.C (S) 2000e-2(a)

### Discrimination Based on Race Against Karen Jones

42. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-41, above

43. Karen Jones was discriminated against and harassed based on race by Virginia Commonwealth University Health System, Irene Zolotorofe (Director), and Bonita Hogue (Social Work Manager).

44. The discriminatory micro-aggressions, statements, and conduct were unwelcomed, sufficiently severe, or pervasive, detrimentally affecting Karen Jones. Karen Jones viewed these acts as subjectively hostile, demeaning, demoralizing, intimidating, indifferent, and blatantly racist, and would be viewed as objectively hostile and abusive to a reasonable person.

45. On January 9, 2020, Karen Jones complained to Irene Zolotorofe (Director) and Bonita Hogue (Social Work Manager) during a meeting that she was instructed to attend that she was being discriminated against based on her race. Without proper investigation of her complaint her employer

Virginia Commonwealth University Health System, Irene Zolotorofe, and Bonita Hogue wrongfully terminated Karen Jones less than a month later.

46. Virginia Commonwealth University Health System, Irene Zolotorofe, and Bonita Hogue failed to take prompt and appropriate remedial action to prevent or correct further discrimination and harassment of Karen Jones.

47. Virginia Commonwealth University Health System, Irene Zolotorofe, and Bonita Hogue discriminated against Karen Jones on the basis of race in violation of Section 703(a) of Title VII, 42 U.S.C. (S) 2000e-2(a).

## COUNT II

### Title VII, 42 U.S.C. (S) 2000e-3(a)

### Retaliation Against Karen Jones for Engaging in Protected Activity

48. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-47, above.

49. Karen Jones engaged in protective activity when she complained about discrimination based on race.

50. In retaliation for Karen Jones' complaint, Virginia Commonwealth University Health System, Irene Zolotorofe, and Bonita Hogue terminated her.

51. There was a causal connection between Karen Jones' complaint and the materially adverse action taken by Virginia Commonwealth University Health System, Irene Zolotorofe, and Bonita Hogue.

52. The retaliation endured by Karen Jones would dissuade a reasonable employee from making complaints of discrimination and harassment.

53. Virginia Commonwealth University Health System, Irene Zolotorofe, and Bonita Hogue retaliated against Karen Jones for engaging in protected activity in violation of Section 704(a) of Title VII, 42 U.S.C. (S) 2000e-3(a).

## PRAYER FOR RELIEF

WHEREFORE, Karen Jones prays that the Court grant the following relief:

(a) Enjoin Defendants Virginia Commonwealth University Health System, Irene Zolotorofe, and Bonita Hogue from:

    (i) subjecting employees to discrimination and harassment based on race; and

    (ii) retaliating against employees who engage in activity protected under Title VII

(b) Order Defendants Virginia Commonwealth University Health System, Irene Zolotorofe, and Bonita Hogue to develop and implement appropriate and effective measures designed to prevent discrimination, harassment, retaliation and wrongful termination, including but not limited to policies and training for employees and managers;

(c) Order Defendants Virginia Commonwealth University Health System, Irene Zolotorofe, and Bonita Hogue to develop appropriate and effective measures to receive complaints of discrimination, harassment, retaliation, and wrongful termination as well as a process for investigating such complaints;

(d)  Award maximum compensatory and punitive damages to Karen Jones to fully compensate her for injuries caused by Defendants Virginia Commonwealth University Health System, Irene Zolotorofe, and Bonita Hogue's discriminatory, harassment, retaliation pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. (S) 1981a; and

(e)  Award such additional relief as justice may require, together with Karen Jones' costs and disbursements in this action.

## JURY DEMAND

Karen Jones hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C (S) (c)

Dated: November 19, 2021

By:

*Karen Jones* (signature)

Karen Jones, Pro Se

Virginia Commonwealth University Health System
General Counsel's Office   Alethia Previs-White
1010 E. Marshall Street          (804) 828-9010
Room 201
Richmond VA   23298           (Stephen Putney)
                                  House

Irene Zolotorofe
Virginia Commonwealth University Health System
1010 E. Marshall Street
Room 201                      (Stephen Putney)
Richmond, VA 23298                House

Bonita Hogue
Virginia Commonwealth University Health System
1010 E. Marshall Street
Room 201                      (Stephen Putney)
Richmond, VA 23298                House

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
**RICHMOND** DIVISION

Karen Jones
Plaintiff(s),

v.

Virginia Commonwealth University Health System, ~~Irene~~ Zolotorofe, Bonita Hogue
Defendant(s).

Civil Action Number: 3:21cv730

## LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of **Complaint for a Civil Case**
(Title of Document)

Karen Jones
Name of Pro Se Party (Print or Type)

*[signature]*
Signature of Pro Se Party

Executed on: 11-19-2021 (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of Pro Se Party (Print or Type)

_____
Signature of Pro Se Party

Executed on: _____ (Date)