IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | | |
|---|---|---|
| KAREN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:21cv730–HEH |
| | ) | |
| VIRGINIA COMMONWEALTH | ) | |
| UNIVERSITY HEALTH SYSTEM, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**
(Granting Defendants' Motion to Dismiss)

In her Complaint, filed on December 17, 2021, Karen Jones ("Jones" or "Plaintiff"), appearing *pro se*, alleges that her former employer, Virginia Commonwealth University Health System ("VCUHS"), discriminated against her because of her race. (Compl., ECF No. 5.) Currently before the Court is Defendant Irene Zolotrofe and Defendant Bonita Hogue's Motion to Dismiss (the "Motion") filed on January 11, 2022.[1] (Mot., ECF No. 12.) In the Motion, the supervisors argue that the Complaint improperly names them as parties where, as a matter of law, Title VII of the Civil Rights Act of 1964 ("Title VII") does not provide for any individual liability for employees or supervisors. (Defs.' Mem. Supp. at 1, ECF No. 13.) Therefore, the supervisors contend that Plaintiff's claims against them should be dismissed pursuant to Federal Rule of Civil Procedure

---

[1] The Court will refer to Defendant Zolotrofe and Defendant Hogue collectively as the "supervisors."

12(b)(6). The parties have submitted memoranda in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument will not aid in the decisional process. *See* E.D. Va. Local Civ. Rule 7(J). For the reasons stated below, the Court will grant the Motion and dismiss Zolotrofe and Hogue from this suit.

## I. STANDARD OF REVIEW

"In reviewing a motion to dismiss for failure to state a claim, [a court] must 'accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff.'" *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016)). A Rule 12(b)(6) motion "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). "A complaint need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Ray*, 948 F.3d at 226 (4th Cir. 2020) (alteration in original) (quoting *Tobey*, 706 F.3d at 387).

However, a "complaint must provide 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Allegations have facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Tobey*, 706 F.3d at 386 (quoting *Iqbal*, 556 U.S. at 679). A court, however, "need not accept

legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Turner*, 930 F.3d at 644 (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)). In considering such a motion, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). Legal conclusions enjoy no such deference. *Iqbal*, 556 U.S. at 678.

The court "must not dismiss the complaint 'unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged.'" *Harrison v. U.S. Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988) (quoting *Canty v. City of Richmond, Va. Police Dep't*, 383 F. Supp. 1396, 1399 (E.D. Va. 1974)). It is well established that district courts must liberally construe a *pro se* litigant's complaint. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). Courts, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.*

## II. BACKGROUND

Viewed through the lens of the Rule 12(b)(6) standard of review, the facts are as follows. VCUHS employed Plaintiff as a clinical social worker from November 15, 2009, until February 5, 2020. (Compl. ¶ 8, ECF No. 5.) From November 15, 2019, until her termination from VCUHS, Plaintiff was subjected to racial discrimination in the form of insults, ridicule, and reprimand in the presence of her coworkers and Hogue, her supervisor. (*Id.*)

During her employment with VCUHS, Plaintiff was allegedly treated differently than similarly situated employees who were of a different race. (*Id.* ¶ 11.) Specifically,

she was disciplined for providing a witness account of a white employee threatening to slap a black coworker. (*Id.*) Thereafter, at a staff meeting on November 15, 2019, Plaintiff's name was omitted from a PowerPoint presentation of employees within respective departments. (*Id.* ¶ 12.) On December 13, 2019, Zolotrofe instructed Plaintiff to attend a meeting during which Zolotrofe told Plaintiff that she would watch her "closely." (*Id.* ¶ 17.) Additionally, Defendant Zolotrofe "belittled" her patient documentation, and "harassed" her about her previously approved leave from work. (*Id.*) This created an environment of "high stress" for Plaintiff because she was allegedly being targeted on account of her race. (*Id.*) Additionally, Plaintiff alleges her supervisors repeatedly harassed her about showing up late to work while other employees were not subjected to this harassment. (*Id.* ¶ 36.)

On January 3, 2020, Plaintiff contacted her direct supervisor, Hogue, about the planned training for insurance authorizations she would receive. (*Id.* ¶ 18.) Defendant Hogue told Plaintiff the training had been canceled. (*Id.*) According to Plaintiff, however, a white coworker did receive such training. (*Id.*) Further, Zolotrofe denied many of Plaintiff's leave requests, but approved leave requests by similarly situated white employees. (*Id.*) Subsequently, on January 9, 2020, Plaintiff met with Hogue and Zolotrofe and complained of racial discrimination in the workplace. (*Id.* ¶ 19.) In this meeting, Plaintiff told the supervisors that certain white coworkers treated her with contempt and she felt like nobody cared about her. (*Id.* ¶ 22.)

Finally, on January 28, 2020, Plaintiff met with her supervisors who directed her to leave work and not return until instructed. (*Id.* ¶ 22.) On February 3, 2020, Defendant

4

Zolotrofe gave Plaintiff a Due Process Memorandum and a Disciplinary Action Form recommending Plaintiff's termination. (*Id.* ¶ 24.) Afterwards, Plaintiff filed a charge with the Equal Employment Opportunity Commission (the "EEOC") claiming that VCUHS discriminated against based on her race. (*Id.* ¶ 5.) The EEOC ended its investigation in August 2021 and gave Plaintiff a Notice of Right to Sue. (*Id.* ¶ 6.)

In her Complaint, Plaintiff asserts two claims based on these facts. First, she claims that VCUHS and her supervisors discriminated against her on the basis of race, in violation of 42 U.S.C. § 2000e-2(a). (*Id.* ¶¶ 42–47.) Second, she claims VCUHS and her supervisors retaliated against her by terminating her after she filed complaints of racial discrimination, in violation of 42 U.S.C. § 2000e-3(a). (*Id.* ¶¶ 48–53.)

### III.   ANALYSIS

In their Motion, the supervisors argue Plaintiff's claims against them should be dismissed because Title VII does not recognize an individual's liability arising under its provisions, and therefore Plaintiff has failed to state a claim for which relief can be granted. (Defs.' Mem. Supp. at 1.) Title VII permits actions against an "employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 2000e-5(b). The term "employer" means "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person." *Id.* § 2000e(b).

Aside from the constraints codified under Title VII, the United States Court of Appeals for the Fourth Circuit has "expressly held that Title VII does not provide a

remedy against individual defendants who do not qualify as 'employers.'" *Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir. 1998) (quoting 42 U.S.C. § 2000e(b)); *Baird ex rel. Baird v. Rose*, 192 F.3d 462 (4th Cir. 1999). Time and time again, courts within the Fourth Circuit have held that supervisors and individual employees are not liable under Title VII, and thus, have dismissed those defendants from lawsuits. *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010) ("Title VII . . . [does] not provide for causes of action against defendants in their individual capacities."); *Hockaday v. Brownlee*, 370 F. Supp. 2d 416, 421 (E.D. Va. 2004) (holding that, since defendants were plaintiff's supervisors not his employers, they are not liable under Title VII); *Wrenwick v. Cook*, No. 3:17-cv-394, 2018 WL 538753, at *2 (W.D.N.C. Jan. 23, 2018) (holding that where defendant was a manager of plaintiff, he did not qualify as an employer subject to liability under Title VII).

Plaintiff's claim seeks to hold her supervisors liable, however, there is no authority this Court has encountered that suggests liability for individual supervisors is proper. More to the point, a legion of cases within the Fourth Circuit agree with Hogue and Zolotrofe's argument that Title VII does not place liability for discrimination on individual employees or supervisors. *See Lissau*, 159 F.3d 180–81 ("[S]upervisors are not liable in their individual capacities for Title VII violations.") Thus, the supervisors are correct that Title VII contains no cause of action against them and the claims contained in Plaintiff's Complaint against them must be dismissed.

Zolotrofe and Hogue address an additional and separate ground for dismissal of Plaintiff's claims. They argue that Plaintiff failed to name them in her charge before the

EEOC, which she must do before submitting a discrimination lawsuit against them. (Defs.' Mem. Supp. at 8); *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998). However, because the Court will dismiss Defendants Zolotrofe and Hogue on separate grounds, the Court need not address this second issue in detail.

## IV. CONCLUSION

The Court finds that Plaintiff's Complaint fails to state a claim for which relief may be granted against Defendants Zolotrofe and Hogue. Accordingly, the Court will grant their Motion to Dismiss.

An appropriate Order will accompany this Memorandum Opinion.

                                                  /s/
                            Henry E. Hudson
                            Senior United States District Judge

Date: March 8, 2022
Richmond, Virginia